1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL VALDEZ VELA, | No.  1:20-cv-01151-AWI-EPG (PS) |
| Plaintiff, | ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS |
| v. | |
| CITY OF PORTERVILLE, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

Isabel Valdez Vela ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed the civil

rights complaint pursuant to 42 U.S.C. § 1983 commencing this action on August 17, 2020. The

complaint alleges the Defendants violated her Fourth Amendment rights in 2015. Thus, by the

face of the complaint, it appears that Plaintiff's claims are barred by the statute of limitations.

Accordingly, the Court will order Plaintiff to show cause why this action should not be dismissed

as barred by the statute of limitations.

I.     **APPLICABLE LAW**

"The statute of limitations for section 1983 actions is determined by state law. Section

1983 actions are characterized as personal injury actions for statute of limitations purposes."

*Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (citations omitted). In addition,

federal courts will apply "California's law regarding tolling, including equitable tolling, except to

the extent any of these laws is inconsistent with federal law." *Mills v. City of Covina*, 921 F.3d

1

1161, 1166 (9th Cir. 2019).

California provides its statute of limitations in Cal. Code Civ. P. § 335.1. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). "The current version of that statute, which became effective on January 1, 2003, provides that personal injury actions must be brought within two years after the cause of action arose." *Id*. Hence, "California's two-year statute of limitations for personal injury actions thus applies to" claims under § 1983. *Mills*, 921 F.3d at 1166 (applying two-year statute of limitations to plaintiff's "§ 1983 claims for unlawful stop and detention, false arrest, false imprisonment, failure to screen and hire properly, failure to train properly, and failure to supervise and discipline").

As noted above, California's rules concerning tolling the statute of limitations apply here, too. *See Mills*, 921 F.3d at 1166. Broadly, there are two types of tolling: statutory and equitable. The California Supreme Court has described statutory tolling as thus:

> Under certain circumstances . . . the period will be extended or tolled by the occurrence of certain events, which may be the subject of conflicting evidence, such as absence from the state or disability. Code Civ.Proc. s 351 et seq.

*Bollinger v. Nat'l Fire Ins. Co. of Hartford, Conn.*, 25 Cal. 2d 399, 411 (1944). Thus, as *Bollinger* noted, many California statutory tolling provisions are located in the California Code of Civil Procedure §§ 351 *et seq.*

In addition, "California allows equitable tolling of the statute of limitations when a plaintiff, possessing several legal remedies, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage, thereby allowing the statutory period to run. A plaintiff whose ignorance of the statutory period is excusable may file a lawsuit outside that period as long as he causes no prejudice to the defendants by doing so." *Guerrero v. Gates,* 442 F.3d 697, 706 (9th Cir.2006) (internal quotation marks, ellipsis, and footnotes omitted). Under California law, equitable tolling "is appropriate where the record shows (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Daviton v. Columbia/HCA Healthcare Corp.,* 241 F.3d 1131, 1137–38 (9th Cir.2001) (en banc) (quoting *Collier v. City of Pasadena,* 142 Cal.App.3d 917, 924, 191

Cal.Rptr. 681 (1983)).[1] A plaintiff bears the burden of demonstrating that equitable tolling applies. *See Vaughn v. Teledyne, Inc.,* 628 F.2d 1214, 1218 (9th Cir. 1980).

## II.      ANALYSIS

Plaintiff's stated claims are violations of the Fourth Amendment. (ECF No. 1 at 3, 7). It appears these claims accrued when the incidents at issue occurred "in August 2015[.]" (*Id.* at 10). Elsewhere, she indicates that the events occurred sometime between August 10 and August 17, 2015. (*See id.* at 14). Thus, to file within the two-year statute of limitations, it appears Plaintiff needed to file her claims, at latest, by August 17, 2017 absent any applicable tolling. However, Plaintiff filed her complaint on August 17, 2020. Thus, it appears that Plaintiff's claims were filed three years after the statute of limitations had expired.

## III.     ORDER

As it appears from the face of the complaint that Plaintiff's claims are time-barred, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed because Plaintiff's claims are barred by the statute of limitations.

IT IS SO ORDERED.

Dated:   **September 11, 2020**          /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] In addition, California Rules of Court, App. I, Emergency Rule 9(a) tolls the statute of limitations for actions "for civil causes of action that exceed 180 days . . . from April 6, 2020, until October 1, 2020." The Court is not making a determination whether this rule applies to federal causes of action.