UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL VALDEZ VELA, | No. 1:20-cv-01151-AWI-EPG |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED |
| v. | |
| CITY OF PORTERVILLE, et al., | (ECF No. 6) |
| Defendants. | FINDINGS AND RECOMMENDATIONS, RECOMMENDING DENYING PLAINTIFF'S PETITION FOR GUARDIAN AS MOOT |
| | (ECF No. 5) |
| | TWENTY-ONE DAY DEADLINE |

Plaintiff Isabel Valdez Vela ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed the civil rights complaint commencing this action on August 17, 2020. (ECF No. 1). On September 11, 2020, the Court ordered Plaintiff to show cause why the action should not be dismissed as barred by the statute of limitations. (ECF No. 4). On September 30, 2020, Plaintiff filed a first amended complaint, which also discusses statute of limitations issues. (ECF No. 6). On September 21, 2020, Plaintiff filed a "Petition for Guardian." (ECF No. 5).

For the following reasons, the Court recommends dismissing Plaintiff's amended complaint in part as barred by the statute of limitations and in part for failing to state a claim under federal law. The Court further finds leave to amend would be futile and, as such,

recommends denying leave to amend. Because the Court recommends dismissing without leave to amend, the Court further recommends denying Plaintiff's remaining motion as moot.

Plaintiff may file objections to these findings and recommendations within twenty-one days from the date of service of this order.

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens Plaintiff's amended complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff's amended complaint is fifty pages long. The Court summarizes the main aspects of the amended complaint.

///

1    The underlying actions occurred in the City of Porterville. Plaintiff's children were

2 "legally-illegally kidnapped from me by those we are supposed to trust and believe in….

3 Porterville Police Department." Plaintiff alleges Detective Harvey Dominguez went to the Motel

4 6 in August 2015, under the false pretense of having an arrest warrant for Hector V. Gonzalez.

5 But there was no arrest warrant for Hector Gonzalez.

6    Plaintiff attaches various documents that she alleges proves no arrest warrant existed:

7 namely, letters from the Superior Court, County of Tulare, stating that between August 10 and 17,

8 2015, no warrant existed for Hector Gonzalez, for Plaintiff, or at the Motel 6. She also attaches

9 various public records requests to various local governmental agencies and individuals.

10    Plaintiff alleges the following federal rights were violated: "FOIA Request[;] Fourth

11 Amendment[;] Deprivation of Rights Under Color of Law[.]"

## III.    SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he

3

does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

## IV.   ANALYSIS OF PLAINTIFF'S CLAIMS

### A.   Violation of Constitutional Rights

Plaintiff alleges constitutional violations that stem from the August 2015 search. "The statute of limitations for section 1983 actions is determined by state law. Section 1983 actions are characterized as personal injury actions for statute of limitations purposes." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (citations omitted). In addition, federal courts will apply "California's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019).

California provides its statute of limitations in Cal. Civ. P. Code § 335.1. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). "The current version of that statute, which became effective on January 1, 2003, provides that personal injury actions must be brought within two years after the cause of action arose." *Id*. Hence, "California's two-year statute of limitations

for personal injury actions thus applies to" claims under § 1983. *Mills*, 921 F.3d at 1166 (applying two-year statute of limitations to plaintiff's "§ 1983 claims for unlawful stop and detention, false arrest, false imprisonment, failure to screen and hire properly, failure to train properly, and failure to supervise and discipline").

Although California state law "determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Knox v. Davis,* 260 F.3d 1009, 1013 (9th Cir. 2001). Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.*

Plaintiff's stated constitutional claims are violations of the Fourth Amendment. Any alleged violations occurred in August 2015, when the search occurred at the Motel 6. Thus, the statute of limitations for such violations ended two years later—sometime in August 2017. Plaintiff filed her amended complaint on August 17, 2020, which is approximately three years after the statute of limitations expired with respect to her Fourth Amendment claim. Therefore, Plaintiff's Fourth Amendment claim is barred by the statute of limitations.

Before Plaintiff filed her amended complaint, the Court entered an order for Plaintiff to show cause why her complaint should not be dismissed as being barred under the statute of limitations. (ECF No. 4). The Court explained the relevant law, including the law concerning tolling. (*Id.* at 1-3). Plaintiff did not directly respond to the order to show cause. Instead, Plaintiff filed an amended complaint, which addresses the statute of limitations: "Though the courts feel it is time barred being the detainment occured [sic] in 2015, the actual denial in writing occurred in 2019 by Ron Moore," and "PLEASE TAKE NOTE OF ALL RECENT DATES & ATTEMPTS." (ECF No. 6 at 10, 11). Plaintiff also states that "Every defendant . . . use[d] their power, authority and knowledge of the time barr [sic] in place to bring intentional harm on its people." (*Id.* at 11).

The recent dates and attempts to which Plaintiff refers appear to be concerning her public records requests, discussed separately below. (*See, e.g.,* ECF No. 6 at 13) (request dated March 14, 2020). However, the dates of these requests do not provide a basis for tolling or otherwise proceeding with respect to her section 1983 claim notwithstanding the statute of limitations. Plaintiff does not allege she was unaware of the searches earlier or is otherwise entitled to tolling

5

of the statute of limitations. Indeed, Plaintiff has alleged that she did not receive the records she requests. Thus, her response does not provide a reason to proceed with her amended complaint, notwithstanding the statute of limitations. According, the Court recommends dismissing the section 1983 action as time-barred under the statute of limitations.

### B. Public Records Claims

Plaintiff alleges Defendants violated the Freedom of Information Act ("FOIA"), which is codified at 5 U.S.C. § 552(a). The Freedom of Information Act applies only to federal agencies. *See* 5 U.S.C. § 551(1) (defining agency to include "each authority of the Government of the United States"); *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 511 F.2d 192, 197 (9th Cir. 1975) (FOIA does not apply to California agencies); *Provost v. City of Sanger*, No. 1:14-CV-001329-AWI-SK, 2014 WL 5485902, at *2 (E.D. Cal. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 12681671 (E.D. Cal. Jan. 7, 2015) ("Put simply, the FOIA applies only to agencies of the United States—it is not applicable to state agencies like the City of Sanger."). Plaintiff has not alleged that a federal agency failed to abide by FOIA. Rather, her claims appear to be against state or local agencies. As such, Plaintiff fails to state a claim under FOIA. *See Renard v. San Diego Unified Port Dist.*, No. 06-CV-2665 H (BLM), 2007 WL 9724154, at *6 (S.D. Cal. Aug. 21, 2007) ("Here, however, Plaintiff brings FOIA claims against local government bodies and local government employees. Accordingly, Plaintiff's FOIA claims fail.").[1]

### V.  PETITION FOR GUARDIAN

Plaintiff also filed a "Petition for Guardian." (ECF No. 5). In the filing, Plaintiff "and her husband Omar Vela Jr. respectfully present this petition to be granted in absentia to stand as guardians ad litem and Guardians AD Litem of the minor children presented in this petition." (*Id.* at 1). Plaintiff requests "the court[] grant full legal and physical custody to the petitioners in good faith showing and stating that the initial removal of children was an act of treason and a violation of Civil Rights . . . ." (*Id.*) Plaintiff attaches a proposed order to the motion. The proposed order

---

[1] Any claim under analogous state laws, which Plaintiff did not plead, is outside this federal court's jurisdiction in light of the recommendation of dismissal of all other claims.

states, *inter alia*, that "[t]he Court … [d]oes hereby ORDER that Isabel and Omar Vela Jr. petitioners for guardianship of the minor children be awarded full legal and physical custody of the minor children named above." (*Id.* at 2). Because the Court recommends dismissing the amended complaint for the reasons above, the Court also recommends denying the Petition for Guardian as moot.

## VI. FINDINGS AND RECOMMENDATIONS

The Court has screened Plaintiff's amended complaint and finds that Plaintiff's section 1983 claim is barred by the statute of limitations and that Plaintiff's FOIA claim fails to state a claim. Because those defects cannot be cured, the Court recommends dismissing this action without leave to amend and denying Plaintiff's Petition for Guardian as moot.

Accordingly, the Court RECOMMENDS that:

1. The Amended Complaint be DISMISSED, WITH PREJUDICE;
2. Plaintiff's Petition for Guardian (ECF No. 5) be DENIED, AS MOOT; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 2, 2020**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE